## Case No. 14,849.

### UNITED STATES v. CONWAY.

[Hempst. 313.] [1]

District Court, D. Arkansas. July, 1843.

EXECUTION—SALE OF PROPERTY UNDER—CONTRACTS—OBLIGATION—REMEDY—CONSTITUTIONAL LAW.

1. The "Act to regulate the sale of property on execution," approved 23d December, 1840, commonly called the "Valuation Law," is constitutional, according to the doctrine in Bronson v. Kinzie, 1 How. [42 U. S.] 311, and its provisions must be followed in executing the final process of the court.

[Cited in Moore v. Fowler, Case No. 9,761.]

2. The obligation of a contract and the remedy to enforce it are distinct things, and whatever belongs to the remedy may be altered according to the will of the state, as to both past and future

---

[1] [Reported by Samuel H. Hempstead, Esq.]

contracts, provided the alteration does not impair the obligation of the contract.

3. The obligation of a contract may be destroyed by denying a remedy altogether, or impaired by burdening the proceedings with new restrictions and conditions so as to make the remedy hardly worth pursuing; but a law which reserves property from sale one year, if two thirds of the appraised value shall not be offered, is not of that character.

4. A writ of venditioni exponas issued before the expiration of the year is irregular, and will be quashed on motion, and a supersedeas thereto ordered.

[Suit by the United States against James S. Conway.]

Motion to quash a venditioni exponas.

A. Fowler, Dist. Atty, for plaintiff.

Chester Ashley, for defendant.

JOHNSON, District Judge. This is a motion made by the defendant, Conway, to have stayed, set aside, and quashed an execution issued in this case against him, on the 9th day of June, 1843, now in the hands of Thomas W. Newton, the late marshal of this district, on the ground that the same has been irregularly and illegally issued. The only question I deem it material to determine is, whether the execution law of this state, entitled "An act to regulate the sale of property on execution," approved 23d December, 1840 (Acts Ark. 1840, p. 58), providing for the valuation of property taken on execution, and that it shall not be sold unless it brings two thirds of its appraised value, be a valid and constitutional law. If it be a valid law, having been adopted under acts of congress as the law of this court (4 Story's Laws, 2121; 8 Laws [Bior. & D.] 62 [4 Stat. 278]; 10 Laws [Bior. & D.] 244 [5 Stat. 499]; 17th rule of 6th Oct. 1842; Wayman v. Southard, 10 Wheat. [23 U. S.] 20; Bank of U. S. v. Halstead, Id. 51,) it follows that the venditioni exponas has irregularly and erroneously issued, one year not having elapsed since the property was offered for sale under the first execution.

I have looked into the opinion of the supreme court of the United States, in the case of Bronson v. Kinzie, 1 How. [42 U. S.] 311, and from an attentive and deliberate examination of the doctrine there settled, I can perceive nothing which can justly authorize the inference that that court would declare our state valuation law inoperative and void, as being in conflict with the constitution of the United States. The distinction between the obligation of a contract, and the remedy to enforce it, is clearly stated by the chief justice who delivered the opinion. In their nature they are different and distinct things. The obligation of a contract arises at the time the contract is made, and continues until it be performed or discharged. The remedy to enforce the obligation of the contract does not arise until there is a failure to perform the obligation. They are, then, not identical, but

different and distinct things. The constitution prohibits laws impairing the obligation of contracts, and is silent with regard to laws relating to the remedies by which contracts are to be enforced.

In the opinion referred to, the chief justice states the doctrine in the following terms: "If the laws of the state, passed afterwards, had done nothing more than change the remedy upon contracts of this description, they would be liable to no constitutional objection. For, undoubtedly, a state may regulate at pleasure the modes of proceeding in its courts, in relation to past contracts as well as future. And although a new remedy may be deemed less convenient than the old one, and may in some degree render the recovery of debts more tardy and difficult, yet it will not follow that the law is unconstitutional. Whatever belongs merely to the remedy, may be altered according to the will of the state, provided the alteration does not impair the obligation of the contract. But if that effect is produced, it is immaterial whether it is done by acting on the remedy, or directly on the contract itself. In either case it is prohibited by the constitution." The chief justice further says: "It is difficult perhaps to draw a line that would be applicable in all cases, between legitimate alterations of the remedy, and provisions which, in the form of remedy, impair the right. But it is manifest that the obligation of the contract, and the rights of a party under it, may, in effect, be destroyed by denying a remedy altogether, or may be seriously impaired by burdening the proceedings with new conditions and restrictions, so as to make the remedy hardly worth pursuing. And no one, we presume, would say that there is any substantial difference between a retrospective law, declaring a particular contract or class of contracts to be abrogated and void, and one which took away all remedy to enforce them, or encumbered them with conditions that rendered it useless or impracticable to pursue it."

Now, the question here presented is, does the valuation law of this state come within the rule here laid down by the supreme court of the United States? Does it, in the language of the court, so seriously impair and burden the proceedings with new conditions and restrictions, as to make the remedy hardly worth pursuing? I think not. The valuation law, in the event that the property will not bring two thirds of its appraised value, postpones the collection of the debt for twelve months. This can scarcely be said to make the remedy hardly worth pursuing.

My opinion is, that the valuation law is a valid and constitutional law, and its provisions are to be followed in executing the final process of this court. The venditioni exponas must, therefore, be quashed, and the clerk, on the application of the defendant, is directed to issue a supersedeas thereto. Ordered accordingly.